UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC<br><br>Plaintiff<br><br>vs.<br><br>LAFAYETTE GENERAL MEDICAL CENTER, INC.<br><br>Defendant | CIVIL ACTION NO.: 15-CV-02085<br><br>Judge Rebecca F. Doherty<br><br>Magistrate Judge Carol B. Whitehurst<br><br>**Jury Trial Demanded** |

**DEFENDANT'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

**ANSWER**

Defendant Lafayette General Medical Center, Inc. ("Defendant") answers the Complaint filed by plaintiff Hawk Technology Systems, LLC ("Plaintiff") as set forth below. Unless specifically admitted, Defendant denies each of the allegations of Plaintiff's Complaint.

1. The allegation of paragraph 1 that the '462 Patent is a reissue of the '410 Patent is admitted. The remaining allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are admitted.

6. The allegations of paragraph 6 that this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. over which the Court would have original jurisdiction are admitted. The remaining allegations of paragraph 6 are denied.

7. Personal jurisdiction is not contested.

8. The allegations of paragraph 8 are admitted.

9. The allegations of paragraph 9 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

10. The allegations of paragraph 10 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

11. The allegations of paragraph 11 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

12. The allegations of paragraph 12 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

13. The allegations of paragraph 13 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

14. The allegations of paragraph 14 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

15. The allegations of paragraph 15 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

16. The allegations of paragraph 16 are admitted.

17. The allegations of paragraph 17 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

18. The allegation of paragraph 18 that Hawk prepared a claim chart is denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof. The remaining allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

20. The allegations of paragraph 20 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied based on lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

23. Defendant incorporates its responses to each and every allegation contained above as if fully set forth herein.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. Defendant denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's claims, Defendant avers as follows:

### First Defense

Defendant has not infringed, directly or indirectly, any valid claim of the '462 Patent.

### Second Defense

Each claim of the '462 Patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103, 112 and/or 116.

### Third Defense

Plaintiff's claims are barred on grounds of waiver, laches and/or estoppel.

**Fourth Defense**

Plaintiff's claims are barred on grounds of unclean hands.

**Fifth Defense**

Plaintiff's claims are barred by reason of estoppel arising from and/or in view of remarks, representations, concessions, amendments, and/or admissions made during prosecution of the applications that matured into the '462 Patent.

**Sixth Defense**

Plaintiff's claims are barred by its failure to mitigate the damages it allegedly has suffered.

**Seventh Defense**

Plaintiff is barred under 35 U.S.C. § 286 from recovering damages for acts occurring more than six years before the date the Complaint was filed.

**Eighth Defense**

Plaintiff is barred from recovering damages for acts occurring after the expiration date of the '462 Patent.

**Ninth Defense**

Plaintiff's claims are barred on grounds of intervening rights, including without limitation, equitable and absolute intervening rights, in accordance with 35 U.S.C. § 252.

**Tenth Defense**

On information and belief, Plaintiff failed to properly mark its patented articles as required by 35 U.S.C. § 287.

**Eleventh Defense**

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

**Twelfth Defense**

Plaintiff is not entitled to enhance damages.

**Thirteenth Defense**

Plaintiff is not entitled to the recovery of attorney's fees.

**Fourteenth Defense**

Defendant denies that it is liable to Plaintiff for any reason whatsoever including liability under the Patent Act.

**Fifteenth Defense**

Defendant reserves the right to add defenses discovered during the course of discovery up to and including the time of trial.

**COUNTERCLAIM**

For its Counterclaim, Defendant alleges as follows:

1. Defendant is a non-profit Louisiana corporation having a principal place of business in Lafayette, Louisiana.

2. Upon information and belief, and as alleged in the Complaint, Plaintiff is a Florida corporation having a principal place of business in Miami, Florida.

3. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patents laws of the United States, 35 U.S.C. § 1 *et seq.* An actual, substantial, and continuing justiciable controversy exists between Defendant and Plaintiff with respect to which Defendant requires a declaration of its rights by this Court. At present, the controversy relates to the non-infringement and/or invalidity of expired U.S. Reissue Patent No. RE43,462 (the "'462 Patent"), and Plaintiff's right to threaten and/or maintain a suit for infringement of the '462 Patent.

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and under Rule 13 of the Federal Rules of Civil Procedure. Plaintiff has submitted itself to the Court's jurisdiction and to venue in this judicial district by filing of its Complaint against Defendant herein.

5. On information and belief, Plaintiff is a non-practicing patent entity and does not manufacture, produce, and/or sell any products or services.

6. Plaintiff has represented that it is the owner by assignment of the '462 Patent.

7. Plaintiff has accused Defendant of having infringed the '462 Patent.

**First Counterclaim - Declaratory Judgment Of Patent Non-Infringement**

8. Defendant repeats, re-alleges, and incorporates by reference each and every allegation set forth in paragraphs 1-7 of this Counterclaim as if fully set forth herein.

9. This is an action for declaratory judgment of non-infringement of any valid claim of the '462 Patent.

10. Plaintiff alleges that Defendant has infringed the '462 Patent in the State of Louisiana and in this judicial district.

11. Defendant has not infringed, either directly or indirectly, any valid claim of the '462 Patent.

12. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Plaintiff and Defendant as to whether Defendant has infringed any valid claim of the '462 Patent.

13. Defendant desires and requests the judicial determination and declaration of the respective rights and duties of the parties in regard to the disputes recited in paragraphs 8-12 of this Counterclaim. Such a determination and declaration are necessary and appropriate at this

time so the parties may ascertain their respective rights and duties regarding the non-infringement of the ‘462 Patent.

**Second Counterclaim - Declaratory Judgment Of Patent Invalidity**

14. Defendant repeats, re-alleges, and incorporates by reference each and every allegation set forth in paragraphs 1-13 of this Counterclaim as if fully set forth herein.

15. This is an action for declaratory judgment of invalidity of the ‘462 Patent.

16. The ‘462 Patent, and each and every claim thereof, is invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 102, 103, 112, and/or 116.

17. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Plaintiff and Defendant as to whether there exists any valid claim of the ‘462 Patent.

18. Defendant desires and requests the judicial determination and declaration of the respective rights and duties of the parties in regard to the disputes recited in paragraphs 14-17 of this Counterclaim. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the ‘462 Patent.

**JURY TRIAL DEMAND**

Defendant requests a jury trial for all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the following relief:

1. Judgment dismissing Plaintiff’s Complaint with prejudice;

2. Judgment in favor of Defendant sustaining its defenses;

3. Judgment declaring that Defendant has not infringed, either directly or indirectly, any valid claim of the ‘462 Patent;

4. Judgment declaring that the ‘462 Patent, and each and every claim thereof, are invalid;

5. Judgment deeming this to be an “exceptional” case within the meaning of 35 U.S.C. § 285 entitling Defendant to an award of its attorneys’ fees, expenses and costs incurred in this action;

6. Judgment awarding Defendant its costs associated with this action; and

7. Granting such other and further relief at law and equity, and on Defendant’s behalf, as this Court deems just and proper.

Respectfully submitted,

Dated: September 21, 2015

/s/ Donald W. Washington
ROBERT L. WADDELL (#23586)
DONALD W. WASHINGTON (#21402)
Jones Walker LLP
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Tel.: (337) 593-7600
Fax: (337) 593-7601
Email: rwaddell@joneswalker.com
dwashington@joneswalker.com

*Attorneys For Defendant,*
*Lafayette General Medical Center, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System, which will send a notice of electronic filing to counsel of record, on this 21st day of September, 2015.

/s/ Donald W. Washington
DONALD W. WASHINGTON (#21402)